UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE JAMAL JOHN HAMOOD,

    Debtor,

                                                   Case No. 05-CV-70873-DT

                                                   HONORABLE DENISE PAGE HOOD

LINA AWADA,

    Appellant and Cross-Appellee,

v.

JAMAL JOHN HAMOOD,

    Appellee and Cross-Appellant.

                                                /

**MEMORANDUM OPINION AND ORDER**

**I.     BACKGROUND/FACTS**

On April 2, 2004, the Debtor Jamal John Hamood ("Hamood"), filed a voluntary petition under chapter 7 of the Bankruptcy Code. On July 1, 2004, Lina Awada ("Awada") filed an Adversary Proceeding against Hamood before the Bankruptcy Court requesting the Bankruptcy Court to determine the dischargeability of a debt based on a judgment entered by the state courts in a lawsuit filed by Awada against Hamood.

Awada had filed a lawsuit against Hamood in the Wayne County Circuit Court, Case No. 98-827594-CA, alleging three counts: breach of contract, fraud and misrepresentation and breach of fiduciary duty. Pursuant to a jury verdict in favor of Awada, the Wayne County Circuit Court entered an Amended Final Judgment against Hamood in the amount of $408,061.94 on March 26, 2001. Hamood appealed the Judgment to the Michigan Court of Appeals. An unpublished decision was entered by the Michigan Court of Appeals on June 24, 2003, affirming the Amended Judgment. The Court of Appeals found that Awada was entitled to costs and attorney fees to be determined by

the trial court. Hamood's application for leave to appeal was denied by the Michigan Supreme Court on March 30, 2004. On April 2, 2004, Hamood filed a petition for chapter 7 bankruptcy. The costs and attorney fees were not resolved by the state court, in light of the bankruptcy stay.

Awada filed a Motion for Summary Judgment with the Bankruptcy Court on July 1, 2004. Hamood responded to the motion and a hearing was held on the matter on February 1, 2005. The Bankruptcy Court entered an Order Granting in Part and Denying in Part Awada's summary judgment motion. Awada filed a Motion for Reconsideration which was denied by the Bankruptcy Court in an Order filed February 24, 2005.

On March 2, 2005, the Bankruptcy Court entered an Amended Order Granting in Part and Denying in Part Awada's Motion for Summary Judgment, to correct a clerical error in the amount stated in the Order. The March 2, 2005 Order granted Awada's Motion for Summary Judgment for the breach of fiduciary duty and fraud claims under 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 523(a)(4) in the amount of $138,337.40 (principal of $117,500; interest through March 16, 12001 of $20,837.40) plus interest from March 16, 2001 through April 21, 2004, finding that this claim was a nondischargeable debt. (Ex. O, Awada's Br.) The Bankruptcy Court denied Awada's Motion for Summary Judgment under 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6), finding that the breach of contract claim and the award of attorney fees claims were dischargeable debt. (Ex. O, Awada's Br.)

On March 4, 2005, Awada filed a Notice of Appeal, amended on March 10, 2005, before the Bankruptcy Court. Hamood filed a Notice of Cross-Appeal on March 11, 2005, before the Bankruptcy Court. The parties filed their briefs on appeal and a hearing was held on the matter.

II.     **JURISDICTION AND STANDARD OF REVIEW**

The district court has jurisdiction over appeals from final orders of the bankruptcy court in core proceedings. 28 U.S.C. §§ 157(b)(1) and 158(a)(1). A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed *de novo*. *Mapother & Mapother, P.S.C. v. Cooper (In re Downs)*, 103 F.3d 472, 476-77 (6th Cir. 1996); Bankr. R. 8013. Where a bankruptcy court's determination involves a mixed question of fact and law, the district court "must break it down into its constituent parts and apply the appropriate standard of review for each part." *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997)(quoting *Investors Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir. 1993)). Orders denying motions for summary judgment are reviewed for abuse of discretion. *In re Trantham,* 304 B.R. 298, 301 (6th Cir. B.A.P. 2004). A bankruptcy court abuses its discretion when it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. *Id.* (quotation omitted).

An order determining the dischargeability of a debt is a final order and is appealable under 28 U.S.C. § 158(a). *See Bathalter v. Nat'l Acc. Co. of America,* 123 B.R. 568 (S.D. Ohio 1990); *In re Trantham,* 304 B.R. at 301.

### III.   ANALYSIS

#### A.   Awada's Appeal

Awada appeals the Bankruptcy Court's Amended Order Granting In Part and Denying In Part Awada's Motion for Summary Judgment. In the Order, the Bankruptcy Court awarded damages for breach of fiduciary duty and fraud claims in the amount of $138,337.40 (principal of $117,500; interest through March 16, 2001 of $20,837.40) plus interest from March 16, 2001 through April 21, 2004, finding these claims non-dischargeable debt. The Bankruptcy Court denied

Awada's Motion for Summary Judgment on the breach of contract and attorney fees claims, finding that these claims were dischargeable debt. Awada claims that the breach of contract and attorney fee claims are non-dischargeable under 11 U.S.C. § 523(a)(6) and that the Bankruptcy Court erred in finding that the breach of contract and attorney fee claims were dischargeable debt.

The Bankruptcy Code prohibits debtors from discharging liabilities incurred on account of their fraud. *In re Francis,* 226 B.R. 385, 391 (B.A.P. 6th Cir. 1998). Section 523(a) provides that debts arising from certain debtor misconduct are not dischargeable. *Id.* A creditor must prove, by a preponderance of the evidence, that the debt should be excepted from discharge. *See, In re Hindenlang,* 164 F.3d 1029, 1034 (6th Cir. 1999). Exceptions to discharge are strictly construed against creditors. *See, In re Rembert,* 141 F.3d 277, 281 (6th Cir. 1998). Section 523(a)(6) provides:

> (a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). The willful and malicious standard is a stringent one, and "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau v. Geiger,* 523 U.S. 57, 64 (1998).

The Bankruptcy Court agreed with Awada, ruling on the record that there were no genuine issues of material fact and that collateral estoppel applied. (2/1/05 Hrg. Tr., pp. 14-15) The Bankruptcy Court found that Awada was entitled to summary judgment with regards to the damages awarded to her for fraud and breach of fiduciary duty and that these damages are non-dischargeable under 11 U.S.C. § 523(a)(2)( and (a)(4). (2/1/05 Hrg. Tr., p. 15) The Bankruptcy Court noted that

the state court judge directed a verdict in favor of Awada on the breach of contract claim based on the failure to pay the promissory note in the amount of $177,000, exclusive of interest. (2/1/05 Hrg. Tr., p. 17) The Bankruptcy Court further noted that the fraud and fiduciary duty claims and the attorney fees on the breach of contract claim were submitted to the jury, which rendered a verdict in Awada's favor, $100,000 on the fraud count, $200,000 on the breach of fiduciary duty count, and $63,000 on attorney fees. (2/1/05 Hrg. Tr., pp. 17-18) The Bankruptcy Court found that the trial judge determined the damages for the fraud and breach of fiduciary duty were cumulative and reduced the total award to $200,000 on those two counts, exclusive of the interest. (2/1/05 Hrg. Tr., p. 18) The Bankruptcy Court concluded that the trial judge applied the payment by Hamood's law firm to the tort claims, reducing the final judgment on the merged fraud and breach of fiduciary duty claims to $117,000. (2/1/05 Hrg. Tr., p. 18)

As to the fraud claim, the Bankruptcy Court found Defendant was collaterally estopped from relitigating this issue because the jury awarded damages for fraud based on a finding that Hamood either intended to deceive Awada or acted with an intentional disregard for the truth, based on the jury instructions before the jury. (2/1/05 Hrg. Tr., p. 24) The Bankruptcy Court concluded that the award on the fraud claim was non-dischargeable. (2/1/05 Hrg. Tr., p. 24) Awada does not appeal this finding.

Regarding the breach of fiduciary claim, the Bankruptcy Court found that Hamood had a fiduciary relationship to Awada based on Hamood's fiduciary obligation to Awada with regards to Awada's settlement proceeds. (2/1/05 Hrg. Tr., p. 25) Hamood was the trustee of the funds recovered and had an affirmative duty under the Michigan Rules of Professional Conduct to account for and remit the insurance proceeds to Awada. (2/1/05 Hrg. Tr., pp. 25-26) Under the Rules of

5

Professional Conduct, the Bankruptcy Court found that Hamood became a trustee as to the insurance proceeds and had a trust duty to protect the funds for Awada. (2/1/05 Hrg. Tr., p. 27) The Bankruptcy Court found that Awada was collaterally estopped from relitigating the fraud or defalcation issue and that Hamood misappropriated the funds for his own use when the money was used as capital contribution to Hamood's restaurant venture. (2/1/05 Hrg. Tr., p. 27) The Bankruptcy Court concluded the damages on this claim were non-dischargeable under 15 U.S.C. § 523(a)(4). (2/1/05 Hrg. Tr., p. 28) Awada does not appeal this finding.

Awada argues that the contract was entered into based on Hamood's misrepresentations to Awada and that the debt was a result in a "willful or malicious injury" to Awada and is non-dischargeable under § 523(a)(6). The Bankruptcy Court did not agree with Awada's argument, opining that the breach of contract claim and the attorney fees were dischargeable and that 15 U.S.C. § 523(a)(6) did not apply to Awada's breach of contract and attorney fee claims. The Bankruptcy Court noted that an injury inflicted recklessly or negligently does not fall within § 523(a)(6) citing a Supreme Court case, *Kewaauhau v. Geiger,* 523 U.S. 57 (1998). (2/1/05 Hrg. Tr., p. 28) The Bankruptcy Court found that the types of claims generally found to be non-dischargeable under 11 U.S.C. § 523(a)(6) were intentional tort claims, such as intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberately vandalizing the creditor's premises, citing a Sixth Circuit unpublished opinion, *In re Best,* 2004 WL 1544066 (6th Cir. June 30, 2004)(unpublished). (2/1/05 Hrg. Tr., p. 29) The Bankruptcy Court held that in Awada's case, the damages on the breach of contract claim were awarded separate from the damages on the tort claims–the fraud and breach of fiduciary duty. (2/1/05 Hrg. Tr., p. 29) The Bankruptcy Court noted that the complaint pled a breach of contract only, regarding the allegations on non-

payment of the promissory note, and did not include any allegations regarding the tortious conduct of Hamood. (2/1/05 Hrg. Tr., p. 30) The Bankruptcy Court further noted that damages for the breach of contract were awarded because Hamood had an obligation to pay Awada on a promissory note and he failed to pay. (2/1/05 Hrg. Tr., p. 30) The Bankruptcy Court found that misrepresentation and fraud were not elements of Awada's breach of contract claim but were elements of the tort claims. (2/1/05 Hrg. Tr., p. 30) The willful and malicious allegations were part of Awada's tort claims. (2/1/05 Hrg. Tr., p. 30) The Bankruptcy Court concluded that there was no material question of fact that the state court awarded damages for breach of contract and separate damages for the tort claims. (2/1/05 Hrg. Tr., p. 30) Since the state court had already determined Awada's damages for breach of contract which did not arise out of wilful and malicious conduct, the Bankruptcy Court found that Awada was collaterally estopped from asserting that claim. (2/1/05 Hrg. Tr., p. 30)

In this case, as argued by Awada before the Bankruptcy Court, collateral estoppel applies based on the judgment entered by the state court and, after trial was held. The Court finds the Bankruptcy Court did not clearly err in its factual findings on what occurred in the state courts. The breach of contract claim filed by Awada alleged that Hamood breached the promissory agreement by failing to pay Awada per the terms of the note. (Appellant's Ex. A, First Amended Complaint, ¶¶ 22-28) The fraud and breach of fiduciary duty claims allege that Hamood made representations to Awada regarding the settlement money and that Hamood breached his fiduciary duty regarding the money. (Appellant's Ex. A, First Amended Complaint, ¶¶ 29-48)

At trial, the trial court entered a directed verdict and partial judgment in favor of Awada based on the breach of contract claim, awarding damages in the amount of $192,000, plus post-judgment interest of 12% as specified in the Promissory Note. (Appellant's Ex. B) The issue of

attorney fees under the promissory note was submitted to the jury for consideration with the remaining claims. (Appellant's Ex. B) The Jury Verdict Form shows that the jury awarded Awada $100,000 on the fraud claim and $200,000 on the fiduciary claim. (Appellant's Ex. D) The Jury Verdict Form also shows that on the "Contract Promissory Note" claim regarding the attorney fees, the jury awarded $63,000 in damages. (Appellant's Ex. D) After post-verdict motions, the trial court entered an Amended Final Judgment. (Appellant's Exs. E-G) As to the breach of contract claim, the trial court entered judgment in the amount of $186,979.42. The trial court entered a judgment on the merged fraud and breach of fiduciary duty claims in the amount of $138,337.40. As to the attorney fee claims, the trial court entered a judgment in the amount of $74,188.87. (*Id.*)

The Bankruptcy Court was correct in its conclusion that the breach of contract claim, based on the promissory note was a separate claim from the fraud claims. The Michigan Court of Appeals, in affirming the Judgment, found that Awada properly pleaded claims of fraud and breach of fiduciary duty "that were independent of the breach of contract claim." (Appellant's Ex. F, *Awada v. Hamood,* Case No. 233707 (Mich. Ct. App. June 24, 2003)(Unpublished)). The Court of Appeals noted that, "Hamood breached the contract when he refused to pay plaintiff pursuant to the contract terms. This is not related directly to the misrepresentations that Hamood allegedly made to convince plaintiff to sign the promissory note. Similarly, Hamood's failure to pay on the contract was not directly related to the alleged breach of fiduciary duty ..." (*Id.*)

The Bankruptcy Court was also correct in its conclusion that the attorney fees issue related to the breach of contract claim. As the Michigan Court of Appeals noted in affirming the Judgment, the attorney fees were "pursuant to the specific terms of the promissory note." (*Id.)* The Bankruptcy Court did not err in finding that collateral estoppel applies and that the state courts had ruled that

the breach of contract and related attorney fees claims were separate and distinct claims from the tort claims.

Awada also argues that the breach of contract and related attorney fees claims are dischargeable under § 523(a)(2) because she was fraudulently induced in entering into the promissory note. Section 523(a)(2)(A) provides that a debt is non-dischargeable if obtained by false pretenses, false representation, or actual fraud. As noted above, both the trial court and the Michigan Court of Appeals found that the claims were separate and distinct. The Court of Appeals went on to note that actionable fraud relating to fraudulent inducement to enter a contract must be predicated on a statement relating to a past or existing fact. (*Id.,* at 2, n. 2) The Court of Appeals found that, "plaintiff's allegations do not amount to claims of intrinsic fraud because they are predicated on statements relating to existing facts (existing social security laws, the nature of the investment, and Hamood's intentions) rather than future conduct." (*Id.*) Awada's argument that the breach of contract and related attorney fees claims are non-dischargeable under § 523(a)(2) or (6) because she was fraudulently induced to enter into the promissory note is not supported by the findings of the trial court and the Michigan Court of Appeals. Awada is collaterally estopped from arguing that the breach of contract claim is essentially a tort claim, in light of the trial court and Michigan Court of Appeals' rulings on this issue. Awada has failed to carry her burden that the breach of contract and related attorney fees claims are non-dischargeable under § 523(a)(2) or (6).

### B.     **Hamood's Appeal**

Hamood appeals the Bankruptcy Court's finding as to the amount of damages awarded by the Bankruptcy Court, arguing that the Bankruptcy Court should have only awarded a non-

dischargeable debt in the amount of $29,500. Hamood claims that because Awada only gave him $112,000 to invest in his company, and, after applying the $82,500 payment to the debt made by the law firm, the remaining non-dischargeable debt should be $29,500.

The Court finds that the Bankruptcy Court did not clearly err in finding that the non-dischargeable debt on the tort claims amounted to $117,500, as amended, with the applicable interest, for a total of $138,337.40 as of March 16, 2001. (Appellant's Ex. O, Amended Order) The Bankruptcy Court found that the trial judge determined the damages for the fraud and breach of fiduciary duty were cumulative and reduced the total award to $200,000 on those two counts, exclusive of the interest. (2/1/05 Hrg. Tr., p. 18) The Bankruptcy Court concluded that the trial judge applied the payment by Hamood's law firm to the tort claims, reducing the final judgment on the merged fraud and breach of fiduciary duty claims to $117,000 (later amended in the Amended Order to $117,500). (2/1/05 Hrg. Tr., p. 18) As noted by the Bankruptcy Court in its Order Denying Defendant's Motion for Amendment of Order, the Bankruptcy Court "specifically relied upon the state court's amended final judgment dated March 26, 2001 in determining the amount of debt owed to Plaintiff arising from Defendant's fraud and breach of fiduciary duty." (Ex. to Hamood's Br., 3/2/05 Order) The Amended Final Judgment entered by the trial court dated March 26, 2001 specifically awarded Awada on the merged fraud and breach of fiduciary claims, $117,500, plus pre judgment interest in the amount of $20,394.96, for a total judgment of $138,337.40. (Appellant's Exs. E-G) The Amended Final Judgment specifically states that Motions for Directed Verdict, Judgment Notwithstanding the Verdict and for Set-Off for Mitigation of Damages, and for Reconsideration, had been heard and ruled upon by the trial court. (*Id.*) The Bankruptcy Court was correct in its conclusion that Hamood was collaterally estopped from arguing that the amount of the

judgment should be different from the amount awarded by the trial court in its March 26, 2001 Amended Final Judgment.

## IV.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Appellant Awada's Appeal is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that Cross-Appellant Hamood's Appeal is DENIED and DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Bankruptcy Court's Order is AFFIRMED.


                                                    s/DENISE PAGE HOOD
                                                    DENISE PAGE HOOD
                                                    United States District Judge

DATED: June 30, 2005

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE JAMAL JOHN HAMOOD,

    Debtor,

        Case No. 05-CV-70873-DT

_____

        HONORABLE DENISE PAGE HOOD

LINA AWADA,

    Appellant and Cross-Appellee,
v.

JAMAL JOHN HAMOOD,

    Appellee and Cross-Appellant.
_____/

## **JUDGMENT**

    This bankruptcy appeal having come before the Court and pursuant to the Memorandum Opinion and Order entered this date, accordingly,

    Judgment is entered against Appellant Awada on the Appeal and Judgment is entered against Cross-Appellant Hamood on the Cross-Appeal.

                                        DAVID J. WEAVER
                                        CLERK OF COURT

Approved:                                  By: Wm. F. LEWIS_____
                                                Deputy Clerk

DENISE PAGE HOOD_____
DENISE PAGE HOOD
United States District Judge

DATED: June 30, 2005
Detroit, Michigan